# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3968 | **DATE** | 10/3/2011 |
| **CASE TITLE** | Schaak, et al. vs. Jerry's Fruit and Garden Center | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants the United States' motion to dismiss [9]. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

On May 25, 2011, Plaintiffs Erna Schaak and William Schaak filed a motion to adjudicate liens in the Circuit Court of Cook County in their pending personal injury lawsuit. Because the Schaaks' medical bills may have been paid by Medicare, they may owe monies back to Medicare under the Medicare as Secondary Payer (MSP) statute. See 42 U.S.C. § 1395y(b). On May 5, the Schaaks settled their lawsuit and then contacted Medicare on May 9, 2011. Dissatisfied with Medicare's speed in producing a sum certain owed by the Schaaks, on May 25, the Schaaks proceeded to file the motion to adjudicate liens before the circuit court handling the underlying action. [FN 1]

> [FN 1] The merits of Plaintiffs' motion to adjudicate liens is not before the Court. However, the Court notes that if the Schaaks are dissatisfied with any amount owed, they must exhaust administrative remedies before seeking review in this court. 42 U.S.C. § 1395ff(b)(1)(a); 42 U.S.C. 405(g); see also *Fanning v. United States*, 346 F.3d 386 (3d Cir. 2003) (dismissing action seeking determination that Medicare was not entitled to recover for lack of jurisdiction where there was no final agency action to review; finding that the demand letter was not a final agency action)

On June 10, 2011, the United States removed the action to this Court under 28 U.S.C. § 1442(a) (providing for removal of an action against any agency of the United States). The doctrine of derivative jurisdiction holds that, if the state court where an action was initially commenced lacked jurisdiction over the action, a federal court acquired none upon removal. See *Minnesota v. United States*, 305 U.S. 382, 389 (1939)("Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquired none, although in a like suit originally brought in federal court it would have had jurisdiction."). Thus, the federal court's jurisdiction is derivative of that of the state court. See *Arizona v. Maypenny*, 451 U.S. 232, 242, n.17 (1981) (noting that the jurisdiction of the federal court upon removal, pursuant to 28 U.S.C. § 1442, essentially is derivative of that of

| STATEMENT |
|---|
| the state court). Consequently, if the Circuit Court of Cook County lacked jurisdiction over the motion to adjudicate liens, then this Court was (and is) in no better jurisdictional position than the state court once the case was removed to federal court. *Edwards v. United States Dep't of Justice,* 43 F.3d 312, 316 (7th Cir.1994); see also *Miller v. Hill,* 2010 WL 2836299, at *1 (S.D.Ill. July 16, 2010).<br><br>On June 14, 2011, the United States of America filed a motion to dismiss this action for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs had until July 7, 2011 to file a response, which they failed to do. Based on the record before the Court, Plaintiffs cannot establish jurisdiction. See *In re County Collector of Winnebago County*, 96 F.3d 890, 895 (7th Cir. 1996). The state court did not have the authority to adjudicate the medicare liens; rather, Plaintiffs needed to pursue an appropriate agency action. Because the state court lacked jurisdiction over this action and this Court enjoys only the jurisdiction that the state court had, this Court lacks jurisdiction over this matter and the case is dismissed. See also *Kelly v. Lugo*, 2010 WL 5313496 (N.D. Ill. Dec. 17, 2010); *Ferto v. Fielder*, 2010 WL 3168293 (N.D. Ill. Aug. 5, 2010). |